# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

---

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-2628
DIRECT FAX
917-777-2628
EMAIL ADDRESS
JAY.KASNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
-----
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

October 12, 2010

**VIA ECF and FEDEX**

The Honorable E. Thomas Boyle
United States Magistrate Judge
United States District Court for the
  Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

      Re: *Utah Retirement Systems v. Strauss et al.*, 09-cv-3221
         (TCP) (ETB)

Dear Magistrate Judge Boyle:

    We represent defendant Deloitte & Touche LLP ("D&T") in the above-referenced action. We submit this letter in connection with D&T's pending motion to dismiss the Amended Complaint of Plaintiff Utah Retirement Systems ("URS"). Specifically, we write to call the Court's attention to two recently decided cases that address issues applicable to D&T's motion to dismiss, but which were decided after the pending motion had been fully briefed and submitted to the Court. Copies of these cases, *In re Fannie Mae 2008 Securities Litigation*, Nos. 08 Civ. 07831, 09 MD 2013, 2010 U.S. Dist. LEXIS 103611 (S.D.N.Y. Sept. 30, 2010) ("*Fannie Mae*") and *Louisiana School Employees' Retirement System v. Ernst & Young, LLP*, No. 08-6194, 2010 U.S. App. LEXIS 19636 (6th Cir. Sept. 22, 2010) ("*Louisiana School*"), are attached as Exhibits A and B, respectively.

    In *Fannie Mae*, Judge Crotty of the Southern District dismissed a claim brought against D&T under Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 thereunder. The plaintiffs in *Fannie Mae* had alleged that the company's financial statements violated generally accepted accounting principles ("GAAP"), that D&T violated generally accepted auditing standards ("GAAS") in its audits of those financial statements, and that D&T's unqualified

Hon. E. Thomas Boyle
October 12, 2010
Page 2

audit opinions were knowingly or recklessly false or misleading. In dismissing the claims against D&T, Judge Crotty concluded that the plaintiffs had failed to adequately plead any violation of GAAP, much less "any misstatements or omission by [D&T] in its audit opinions or violations of GAAS," and, in any event, that the factual allegations in the complaint did not give rise to the necessary "strong inference" of fraudulent intent needed to support the scienter element of a securities fraud claim brought against an outside auditor. *Fannie Mae*, 2010 U.S. Dist. LEXIS 103611 at *75.

In reaching this conclusion, Judge Crotty reiterated the exacting standard in the Second Circuit for pleading recklessness sufficient to establish scienter, noting that a plaintiff must identify conduct by a defendant "that is 'highly unreasonable and . . . represents an extreme departure from the standard of ordinary care'" *id.* at *29 (quoting *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 269 (2d Cir. 1996) (alteration in original)), and that "the allegations must approximate an actual intent to defraud." *Id.* Furthermore, regarding pleading scienter against an outside auditor, Judge Crotty, following the lead of other district courts in the Second Circuit and as discussed in D&T's prior briefs (*see* Docket No. 48 at 15-16; Docket No. 71 at 4-5), noted that the standard is "demanding," *id.* at *74, and "'requires more than a failure to follow GAAP.'" *Id.* (quoting *In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 657 (S.D.N.Y. 2007) (internal quotations omitted)). Judge Crotty also adopted the view that "'[f]or an accountant to be found to have acted recklessly during an audit, its alleged misconduct must approximate an actual intent to aid in the fraud being perpetrated by the audited company.'" *Id.* (quoting *In re Refco*, 503 F. Supp. 2d 611, 657 (internal quotations omitted)). D&T has made similar arguments in the present case. (S*ee* Docket No. 48 at 17; Docket No. 71 at 4 n.3.) Furthermore, Judge Crotty noted that the provisions of GAAP "are subject to interpretation . . . and allow reasonable accountants to reach different conclusions." *Id.* at *61 (citations omitted). Accordingly, because accounting judgments need to be made, the reasonable exercise of such judgment is not actionable as fraud. *Id.*

Because the plaintiffs in *Fannie Mae* failed to adequately allege any misstatements or omissions by D&T (as D&T has argued is the case with respect to URS's allegations; *see* Docket No. 48 at 9-13; Docket No. 71 at 3), and because even if the *Fannie Mae* plaintiffs had so identified such a misstatement or omission they nevertheless failed to adequately plead scienter under the "exacting" standard applicable to securities fraud claims against outside auditors (as URS has also failed to do; *see* Docket No. 48 at 15-19; Docket No. 71 at 3 ), Judge Crotty dismissed the claim against D&T.

In *Louisiana School*, the plaintiffs brought a claim against Ernst & Young, LLP ("E&Y") alleging that E&Y was liable under Section 10(b) and Rule

Hon. E. Thomas Boyle
October 12, 2010
Page 3

10b-5 for allegedly issuing a false or misleading audit opinion on a company's financial statements. The Court of Appeals for the Sixth Circuit affirmed the district court's dismissal of the claim on the ground that the plaintiffs' allegations in the complaint failed to give rise to a strong inference that E&Y acted with the requisite scienter necessary to support liability under Section 10(b) and Rule 10b-5.

In reaching its decision, the *Louisiana School* court made several observations that bear on D&T's present motion to dismiss including, among other things, holding that if the defendant in a securities fraud case is an outside auditor, then the "well-pleaded facts must give rise not merely to an inference of scienter, but to a *strong* inference of scienter," *Louisiana School*, 2010 U.S. App. LEXIS 19636 at *16 (emphasis in original), which URS has failed to do. (*See* Docket No. 48 at 17-19; Docket No. 71 at 4-5.) The court also held that recklessness "requires proof that the defendant's conduct was highly unreasonable and involved an extreme departure from the standards of ordinary care, meaning that the danger was either known to the [auditor] or so obvious that any reasonable person would have been aware of it," and that the standard for proof of recklessness "is especially stringent when the claim is brought against an outside auditor." *Id*. at *21 (citations omitted). These pronouncements track the "demanding" standard for pleading scienter with respect to outside auditors that courts in the Second Circuit have applied and that D&T highlighted in its prior briefing. (*See* Docket No. 48 at 15-16; Docket No. 71 at 4-6.) The *Louisiana School* court also rejected the argument (which URS has made) that disregarding "numerous red flags" is sufficient to support a strong inference of scienter against an outside auditor, holding that unless the auditor's actions consist of an "'egregious refusal to see the obvious, or to investigate the doubtful,'" *id*. at *25 (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 693 (6th Cir. 2004)), mere allegations that an accountant "negligently failed" to closely review files or follow standards "cannot raise a strong interfere of scienter." *Id*. Finally, the *Louisiana School* court also noted that scienter cannot be inferred from the magnitude of the fraud, as doing so "would eviscerate the principle that accounting errors alone cannot support a finding of scienter . . . [and] would require hindsight, speculation and conjecture." *Id*. at *29 (citations omitted).

In short, these two recent decisions further support the dismissal of the claims against D&T.

Respectfully,

Jay B. Kasner

cc:   All Counsel of Record (via ECF)